1  ~~Stephen G. Contopulos, SBN 50317~~
   ~~scontopulos@sidley.com~~
2  ~~Rollin A. Ransom, SBN 196126~~
   ~~rransom@sidley.com~~
3  ~~Emily Z. Culbertson, SBN 282560~~
   ~~eculbertson@sidley.com~~
4  ~~SIDLEY AUSTIN LLP~~
   ~~555 West Fifth Street, Suite 4000~~
5  ~~Los Angeles, California 90013~~
   ~~Telephone: (213) 896-6000~~
6  ~~Facsimile: (213) 896-6600~~

7  ~~Attorneys for Defendants-Counterclaimants~~
   ~~HARPERCOLLINS PUBLISHERS LLC and~~
8  ~~MELISSA MARR~~

9  ~~Theodore F. Shiells, SBN 111224~~
   ~~tfshiells@shiellslaw.com~~
10 ~~SHIELLS LAW FIRM P.C.~~
   ~~1201 Mail Street – Suite 2470~~
11 ~~Dallas, Texas 75202~~
   ~~Telephone: (214) 979-7300~~
12 ~~Facsimile: (214) 979-7301~~

13 ~~Attorneys for Plaintiff-Counterdefendant~~
   ~~JAZAN WILD~~

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT
MAY - 1 2013
CENTRAL DISTRICT OF CALIFORNIA
BY ____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| JAZAN WILD, an individual, d/b/a CARNIVAL COMICS,<br><br>         Plaintiff-Counterdefendant,<br><br>vs.<br><br>HARPERCOLLINS PUBLISHERS LLC and MELISSA MARR,<br><br>         Defendants-Counterclaimants. | Case No. SACV12-1191 JST (ANx)<br><br>Assigned to: Hon. Josephine Staton Tucker<br><br>[~~PROPOSED~~] **CONFIDENTIALITY ORDER**<br><br>[Filed concurrently with Stipulation Regarding (Proposed) Confidentiality Order]<br><br>Before Magistrate Judge Nakazato |

THIS MATTER having come before the Court pursuant to the stipulation of the Parties, and the Court being fully advised therein, it is hereby ORDERED as follows:

**I.  DEFINITIONS**

1. As used in this Confidentiality Order,

   a. "Designating Party" means any Person who designates Material as Confidential Material.

   b. "Discovering Counsel" means counsel of record for a Discovering Party.

   c. "Discovering Party" means the Party to whom Material is being Provided by a Producing Party.

   d. "Confidential Material" means any material designated as CONFIDENTIAL or where appropriate, ATTORNEYS' EYES ONLY, in accordance with the terms of this Confidentiality Order.

   e. "Material" means any document, testimony or information in any form or medium whatsoever, including, without limitation, any written or printed matter, Provided in this action by a Party before or after the date of this Confidentiality Order.

   f. "Party" or "Parties" means the Plaintiff-Counterdefendant, Jazan Wild, and Defendants-Counterclaimants, HarperCollins Publishers LLC and Melissa Marr, their attorneys of record and their agents.

   g. "Person" means any individual, corporation, partnership, unincorporated association, governmental agency, or other business or governmental entity whether a Party or not.

   h. "Producing Party" means any Person who Provides Material during the course of this action.

   i. "Provide" means to produce any Material, whether voluntarily or involuntarily, whether pursuant to request or process.

## II. CONFIDENTIAL DESIGNATION

2. A Producing Party shall designate Material "CONFIDENTIAL" to the extent that it reasonably believes that such Material constitutes or contains information that is non-public and contains commercially or personally sensitive or proprietary

information. A Producing Party shall only designate Material as "ATTORNEYS' EYES ONLY" to the extent that it reasonably believes such that such Material constitutes or contains: (a) methods, procedures, and processes relating to the design, manufacture, production, pricing, and/or distribution of products; (b) marketing plans and methods or customer information; (c) business planning and financial information; (d) trade secrets or confidential business information that, if disclosed to a competitor, could be misappropriated for its economic value or utilized to obtain unfair competitive advantage; and/or (f) personnel, employee, or personal information for which the referenced person has a right of privacy. A Producing Party shall only designate Material as "OUTSIDE COUNSEL ONLY" to the extent that it reasonably believes such that such Material constitutes or contains: (a) business planning, sales and financial information; and (b) trade secrets or confidential business information that, if disclosed to in-house counsel for a competitor, or members of the in-house counsel's staff, could be misappropriated for its economic value or utilized to obtain unfair competitive advantage or otherwise used or disclosed in a manner that will substantially harm the economic interests of a Party.

   3. By designating Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL ONLY" under the terms of this Confidentiality Order, the Party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

   4. A Producing Party may designate Confidential Material for protection under this order by marking each page of the writing or document with the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL ONLY". With respect to electronic information produced in native format, a party shall designate information by marking the disc or drive upon which such information is provided as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL ONLY".

5. The Parties may also designate previously Provided Material which was not designated as Confidential Material prior to its having been Provided as Confidential Material by identifying such Material with specificity in writing to the Discovering Party. For purposes of this method of designation, it will be a sufficiently specific identification to refer to the bates numbers or deposition page numbers of previously Provided Material. Where a Producing Party designates previously Provided Material as Confidential Material pursuant to this subparagraph, the Producing Party will follow the procedures set forth in the previous subparagraph for designating Confidential Material, and Provide to the Discovering Party additional copies of the previously Provided Material marked with the inscription described in the previous subparagraph. Upon receipt of the additional copies which comply with the procedures set forth in the previous subparagraph, the Discovering Party will immediately return to the Producing Party the previously Provided Material, or alternatively, will destroy all the previously Provided Material, at the option of the Producing Party. For previously Provided Material which was not designated as Confidential Material at the time of its being Provided, this Confidentiality Order shall apply to such materials beginning on the date that the Producing Party makes such designation. A Party's inadvertent or unintentional disclosure of any of its own Confidential Material shall not be construed to be a waiver, in whole or in part, of the Party's claim of confidentiality, either as to the specific Confidential Material disclosed or as to other related information.

6. All costs associated with the designations of Material as CONFIDENTIAL," ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY involving, for example, the cost of binding confidential portions of deposition transcripts, shall be initially borne by the Party making the designation with no prejudice regarding the Designating Party's ability to recover its costs upon completion of the litigation.

7.      Any application, including any stipulated application, to file documents or information designated CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL under seal shall comply with Local Rule 79-5. No Party shall oppose an application to file documents or information designated CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY under seal unless such Party has first objected to such designation pursuant to Paragraph 19 below.

### III.    RESTRICTION ON USE OF CONFIDENTIAL MATERIAL

8.      Confidential Material designated as CONFIDENTIAL shall not be disclosed, nor shall its contents be disclosed, to any person other than those described in Paragraph 10 of this Confidentiality Order and other than in accordance with the terms, conditions and restrictions of this Confidentiality Order. Confidential Material designated as ATTORNEYS' EYES ONLY shall not be disclosed, nor shall its contents be disclosed to any person other than those described in Paragraph 11 of this Confidentiality Order. Confidential Material designated as OUTSIDE COUNSEL ONLY shall not be disclosed, nor shall its contents be disclosed to any person other than those described in Paragraph 12 of this Confidentiality Order.

9.      Confidential Material Provided by a Producing Party to a Discovering Party shall not be used by the Discovering Party or anyone other than the Producing Party, specifically including the persons identified in Paragraphs 11 or 12 or 13 as appropriate, for any purpose, including, without limitation any personal, business, governmental, commercial, publicity, public-relations, or litigation (administrative or judicial) purpose, other than the prosecution or defense of this action, or the prosecution or defense of Petition for Cancellation No. 92056169 in the Trademark Trial and Appeal Board of the United States Patent and Trademark Office (the "Cancellation Proceeding").

10.     All Confidential Material shall be kept secure by Discovering Counsel and access to Confidential Material shall be limited to persons authorized pursuant to Paragraphs 11 or 12 or 13 of this Confidentiality Order.

11. For purposes of the preparation of this action, and subject to the terms, conditions, and restrictions of this Confidentiality Order, Discovering Counsel may disclose Material designated as CONFIDENTIAL and the contents of Material designated as CONFIDENTIAL only to the following persons:

    a. Counsel of record working on this action on behalf of any Party and counsel's employees who are directly participating in this action, including counsel's partners, associates, paralegals, assistants, secretaries, and clerical staff;

    b. In-house or outside corporate counsel to a Party;

    c. Court and deposition reporters and their staff;

    d. The Court and any Person employed by the Court whose duties require access to Material designated as CONFIDENTIAL;

    e. Witnesses at depositions or pre-trial proceedings, in accordance with procedures set forth in Paragraphs 15-17;

    f. Experts and consultants assisting counsel with respect to this action and their secretarial, technical and clerical employees who are actively assisting in the preparation of this action, in accordance with the procedures set forth in Paragraphs 15-17;

    g. The Parties, including officers, directors and employees thereof that have a need to review Material designated as CONFIDENTIAL ONLY to assist in connection with this litigation, subject to the limitations set forth herein, in accordance with the procedures set forth in Paragraphs 15-17;

    h. Vendors, including photocopy service personnel who photocopied or assisted in the photocopying or delivering of documents in this litigation expressly retained by counsel of record for a Party to assist in preparation of this litigation, but only for the purposes for which the Vendors were expressly retained, and counsel for the Party shall be personally responsible for the Vendor's handling of such documents in accordance with the provisions of this Confidentiality Order;

       i.      Any Person identified on the face of any such Material designated as CONFIDENTIAL as an author or recipient thereof;

       j.      Any Person who is determined to have been an author and/or previous recipient of the Material designated as CONFIDENTIAL, but is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the Material designated as CONFIDENTIAL by such Person; and

       k.      Any Person who the Parties agree in writing may receive Material designated as CONFIDENTIAL.

The parties shall make a good faith effort to limit dissemination of Material designated as CONFIDENTIAL within these categories to Persons who have a reasonable need for access thereto for purposes of prosecuting or defending this litigation.

12. For purposes of the preparation of this action, and subject to the terms, conditions, and restrictions of this Confidentiality Order, the Discovering Counsel may disclose Material designated as ATTORNEYS' EYES ONLY, and the contents of Material so designated, only to the following persons:

       a.      Counsel of record for the Parties to this action and counsel's employees who are directly participating in this action, including counsel's partners, associates, paralegals, assistants, secretarial, and clerical staff;

       b.      In-house or outside corporate counsel to a Party who are not responsible for competitive decision-making;

       c.      Court and deposition reporters and their staff;

       d.      The Court and any person employed by the Court whose duties require access to Material designated as ATTORNEYS' EYES ONLY;

       e.      Witnesses at depositions or pre-trial proceedings, in accordance with procedures set forth in paragraphs 15-17 ;

       f.      Non-party experts and consultants assisting counsel with respect to this action and their secretarial, technical and clerical employees who are actively

assisting in the preparation of this action, in accordance with the procedures set forth in paragraphs 15-17;

    g.    Any Person identified on the face of any such Material designated as ATTORNEYS' EYES ONLY as an author or recipient thereof;

    h.    Any Person who is determined to have been an author and/or previous recipient of the Material designated as ATTORNEYS' EYES ONLY, but is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the Material designated as ATTORNEYS' EYES ONLY by such Person; and

    i.    Any Person who the Parties agree in writing may receive Material designated as ATTORNEYS' EYES ONLY.

12.    For purposes of the preparation of this action, and subject to the terms, conditions, and restrictions of this Confidentiality Order, the Discovering Counsel may disclose Material designated as OUTSIDE COUNSEL ONLY, and the contents of Material so designated, only to the following persons:

    a.    Counsel of record for the Parties to this action and counsel's employees who are directly participating in this action, including counsel's partners, associates, paralegals, assistants, secretarial, and clerical staff;

    b.    Outside counsel to a Party who are not responsible for competitive decision-making and are not potential witnesses;

    c.    Court and deposition reporters and their staff;

    d.    The Court and any person employed by the Court whose duties require access to Material designated as OUTSIDE COUNSEL ONLY;

    e.    Witnesses at depositions or pre-trial proceedings, in accordance with procedures set forth in paragraphs 15-17;

    f.    Non-party experts and consultants assisting counsel with respect to this action and their secretarial, technical and clerical employees who are actively

assisting in the preparation of this action, in accordance with the procedures set forth in paragraphs 15-17;

   g. Any Person identified on the face of any such Material designated as OUTSIDE COUNSEL ONLY as an author or recipient thereof;

   h. Any Person who is determined to have been an author and/or previous recipient of the Material designated as OUTSIDE COUNSEL ONLY, but is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the Material designated as OUTSIDE COUNSEL ONLY by such Person; and

   i. Any Person who the Parties agree in writing may receive Material designated as OUTSIDE COUNSEL ONLY.

### IV. UNDERTAKING TO BE BOUND BY CONFIDENTIALITY ORDER

  13. Before Discovering Counsel may disclose Confidential Material to any Person described in subparagraphs 10(e), 10(f), 10(g), 11(e). 11(f), 12(e) or 12(f)above, the Person to whom disclosure is to be made shall receive a copy of this Confidentiality Order, shall read Paragraphs 1, 7, 8, 9, 11, 12, 13 and 14 (including the subparagraphs where applicable) of the Confidentiality Order, shall evidence his or her agreement to be bound by the terms, conditions, and restrictions of the Confidentiality Order by signing an undertaking in the form attached hereto as **Exhibit A** (the "Undertaking"), and shall retain the copy of this Confidentiality Order, with a copy of his or her signed Undertaking attached. Discovering Counsel shall keep a copy of the signed Undertaking for each person described in subparagraphs 10(e), 10(f), 10(g), 11(e), 11(f, 12(e) or 12(f) to whom Discovering Counsel discloses Confidential Material.

  14. The individuals designated in subparagraphs 11(a) and 11(b), or 12(a) and 12(b) above, as applicable, are specifically prohibited from publishing, releasing, or otherwise disclosing Material designated as ATTORNEYS' EYES ONLY or OUTSIDE COUNSEL ONLY, respectively, or the contents thereof, to any other

directors, officers, or employees of the company for which the individual is employed, or to any other persons not authorized under this Confidentiality Order to receive such information. The designated individuals in subparagraphs 11(a) and 11(b), or 12(a) and 12(b), as applicable, shall retain all ATTORNEYS' EYES ONLY material or OUTSIDE COUNSEL ONLY material, respectively, in a secure manner under separate and confidential file, so as to avoid inadvertent access by, or disclosure to, unauthorized persons.

### V. **DEPOSITIONS**

15. Those portions of depositions taken by any Party at which any Material designated as CONFIDENTIAL is used or inquired into, may not be conducted in the presence of any Person(s) other than (a) the deposition witness, (b) his or her counsel, and (c) Persons authorized under Paragraph 10 of this Confidentiality Order to view such Confidential Material. During those portions of depositions in which Material designated ATTORNEYS' EYES ONLY or OUTISDE COUNSEL ONLY is used or inquired into, only those persons authorized under Paragraphs 11 or 12, as applicable, to view such Materials may be present.

16. Any designation of deposition testimony or exhibits as CONFIDENTIAL or ATTORNEYS' EYES ONLY or OUTSIDE COUNSEL ONLY shall be made on the record at the time such testimony is given or in writing within thirty (30) days after the parties' and/or deponent's receipt of a transcript of such proceedings, whichever is later. Any and all deposition transcripts shall be treated as ATTORNEYS' EYES ONLY or OUTSIDE COUNSEL ONLY until this time period expires.

17. When Material disclosed during a deposition is designated Confidential Material at the time testimony is given, the reporter shall separately transcribe those portions of the testimony so designated, shall mark the face of the transcript in accordance with Paragraph 3 above, and shall maintain that portion of the transcript or exhibits in separate files marked to designate the confidentiality of their contents. The

reporter shall not file or lodge with the Court any Confidential Material without obtaining written consent from the Party who designated the Material as Confidential Material. For convenience, if a deposition transcript or exhibit contains repeated references to Confidential Material which cannot conveniently be segregated from non-confidential material, any Party may request that the entire transcript or exhibit be maintained by the reporter as Confidential Material.

## VI. USE OF CONFIDENTIAL MATERIAL IN PLEADINGS AND OTHER COURT PAPERS

18. Any application, including any stipulated application, to file documents or information designated CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY under seal must be submitted to the Court for possible filing under seal in the manner required by Local Rule 79-5, and shall be labeled as follows: "This Document Is Subject to a Confidentiality Order Issued by the Court and May Not Be Examined or Copied Except in Compliance with that Order." Provided, however, that unless a party has previously successfully challenged the designation of particular documents or information produced by another producing party as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY pursuant to Par. 19, a party shall not publicly file or disclose during Court proceedings any documents or information designated CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL ONLY by another producing person, without first making a written application to file such documents or information under seal, and without first giving the producing party a reasonable opportunity to present a showing of a particular and specific need to protect the information from public disclosure, pursuant to the procedures of Local Rule 79-5.1. Documents that the Court orders filed under seal pursuant to Local Rule 79-5 shall be kept by the Clerk under seal and shall be made available only to the Court or persons authorized by the terms of this Order to have access thereto. Any documents the Court

orders submitted under seal shall be filed and handled in the same manner as Confidential Material filed in connection with discovery motions or proceedings.

### VII. OBJECTIONS TO DESIGNATION

19. Any discovery disputes concerning the designation of materials or disclosure of documents or information under this Confidentiality Order shall be brought in compliance with Local Rule 37. Without limiting the generality of the foregoing, any Party may at any time notify the Designating Party in writing of its contention that specifically-identified Material designated as Confidential Material is not properly so designated because such Material does not warrant protection under applicable law. However, in order to facilitate discovery in this action, a Party shall not object to a designation of materials under this Confidentiality Order absent evidence that such materials are not entitled to protection pursuant to Paragraph 28 below, or absent a good faith basis, stated specifically in writing, as to why designation of the particular materials as Confidential Materials is improper under this Confidentiality Order and/or applicable law. In the event the Parties are unable to resolve the dispute, the Party challenging the designation may file a motion challenging the designation of the Material in question and articulating in detail why such Party believes that the Material is not properly designated; provided, however, that the ultimate burden of demonstrating, by a preponderance of the evidence, the propriety of the designation shall remain with the Designating Party. Pending resolution of any motion filed pursuant to this Paragraph, all Persons bound by this Confidentiality Order shall continue to treat as Confidential Material the Material which is the subject of the motion.

### VIII. RETURN OF MATERIAL

20. Within ninety (90) calendar days after the final settlement or termination of this action, Discovering Counsel shall return or destroy (at the option and expense of Discovering Counsel) all Materials provided by a Producing Party and all copies thereof except to the extent that any of the foregoing includes or reflects Discovering

Counsel's work product, and except to the extent that such Material has been filed with a court in which proceedings related to this action are being conducted. In addition, with respect to any such retained work product and unless otherwise agreed to, at the conclusion of this action, counsel for each Party shall store in a secure area all work product which embodies Confidential Material together with all of the signed undertakings they are required to preserve pursuant to Paragraph 13 above, and shall not make use of such Material except in connection with any action arising directly out of these actions, or pursuant to a court order for good cause shown. The obligation of this Confidentiality Order shall survive the termination of this action. To the extent that Confidential Materials are or become known to the public through no fault of the Discovering Party, such Confidential Materials shall no longer be subject to the terms of this Confidentiality Order. Upon request, counsel for each Party shall verify in writing that they have complied with the provisions of this paragraph.

## IX. SCOPE OF THIS ORDER

21. Except for the provisions regarding post-trial or post-settlement return and destruction of Material, or segregation of work product which embodies Confidential Material, this order is strictly a pretrial order. Notwithstanding the foregoing, the Parties agree that this order shall govern the conduct of all proceedings in the Cancellation Proceeding, including without limitation all pretrial and trial proceedings. In addition, and notwithstanding the foregoing, any Party's listing of any of any other Party's ATTORNEY'S EYES ONLY or OUTSIDE COUNSEL ONLY documents on a trial exhibit list, introduction into evidence, or asking questions at trial eliciting ATTORNEY'S EYES ONLY or OUTSIDE COUNSEL ONLY information shall constitute that Party's agreement not to oppose the other Party's motion that such documents be introduced and used at trial under circumstances protecting such documents and information from disclosure to persons other than members of the Jury, the Judge, Court personnel, the Parties, and counsel of record for the Parties, subject to the discretion of the Court.

22. Not later than twenty-one days before trial in the action, Counsel agree to meet and confer concerning the use at trial of Confidential Material.

23. Nothing in this Confidentiality Order shall be deemed to limit, prejudice, or waive any right of any Party or Person (a) to resist or compel discovery with respect to, or to seek to obtain additional or different protection for, Material claimed to be protected work product or privileged under California or federal law, Material as to which the Producing Party claims a legal obligation not to disclose, or Material not required to be provided pursuant to California law; (b) to seek to modify or obtain relief from any aspect of this Confidentiality Order; (c) to object to the use, relevance, or admissibility at trial or otherwise of any Material, whether or not designated in whole or in part as Confidential Material governed by this Confidentiality Order; (d) to generally describe to a Party the nature of Confidential Material produced or disclosed by the other Party, so long as such description does not disclose the specific content of such Confidential Material (unless otherwise permitted by this Confidentiality Order); or (e) otherwise to require that discovery be conducted according to governing laws and rules.

24. The Parties agree that the inadvertent production of information subject to the attorney-client privilege and/or work product doctrine (the "Privileged Information") shall not constitute a waiver of such privilege and/or protection. Promptly upon discovering that any Privileged Information has been produced, the Producing Party shall notify the Discovering Party in writing and designate inadvertently produced documents on a privilege log. Upon receipt of such notice, the Discovering Party shall not review such documents further (except for the purposes of identifying them for their return to the Producing Party and/or destruction) and shall either return all copies of the same to the Producing Party or destroy them. Nothing contained herein is intended to, and/or does, constitute a waiver of any Party's right to challenge any designation of Privileged Information and/or move to compel the production of such documents.

25. Designation of Material as Confidential Material on the face of such Material shall have no effect on the authenticity or admissibility of such Material at trial.

26. This Confidentiality Order shall not preclude any Person from waiving the applicability of this Confidentiality Order with respect to any Confidential Material Provided by that Person or using any Confidential Material Provided by that Person or using any Confidential Material owned by that Person in any manner that Person deems appropriate.

27. This Confidentiality Order shall not affect any contractual, statutory or other legal obligation or the rights of any Party or Person with respect to Confidential Material designated by that Party.

28. The restrictions set out in the Confidentiality Order shall not apply to any Material which:

    a. At the time it is Provided is available to the public;

    b. After it is Provided, becomes available to the public through no act, or failure to act, of the Discovering Party; or

    c. The Discovering Party can show was already known to the Discovering Party independently of receipt of the Confidential Material in this or prior litigation; or was received by the Discovering Party, after the time it was designated as Confidential Material hereunder, from a third party having the right to make such disclosure.

29. If at any time any Material protected by this Confidentiality Order is subpoenaed from the Discovering Party by any Court, administrative or legislative body, or is requested by any other Person or entity purporting to have authority to require the production of such material, the Party to whom the subpoena or other request is directed shall immediately give written notice thereof to the Producing Party with respect to Confidential Material sought and shall afford the Producing Party reasonable opportunity to pursue formal objections to such disclosures. If the

1  Producing Party does not prevail on its objections to such disclosure, the Discovering
2  Party may produce the Confidential Material without violating this Confidentiality
3  Order.
4
5
6  DATED:     May 1, 2013         By: _____
7                                      Magistrate Judge Arthur Nakazato
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

# UNDERTAKING TO BE BOUND BY THE PRETRIAL CONFIDENTIALITY ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Confidentiality Order that was issued by the United States District Court for the Central District of California in the case of *Jazan Wild v. HarperCollins Publishers LLC and Melissa Marr*, Case No. SACV 12-1191-JST (ANx). I agree to comply with and to be bound by all the terms of this Confidentiality Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Confidentiality Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Confidentiality Order, even if such enforcement proceedings occur after termination of this action.

Date: _____, 2013

City and State where sworn and signed: _____

Signed: _____      _____
           [Print Name]                                [Signature]